# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STEPHEN CHARLES HULL,           )
                                )
        Plaintiff,             )
                                )
v.                              )   No. CIV-2016-69-D
                                )
ARVEST BANK OPERATIONS, INC.    )
d/b/a ARVEST BANK,              )
                                )
        Defendant.             )

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH AUTHORITY

**COMES NOW THE PLAINTIFF,** and hereby moves this Court to grant partial summary judgment determining that:

A.    The Plaintiff is a disabled person under the Americans with Disabilities Act as amended (hereafter "ADAAA"), and,

B.    Defendant has failed to establish sufficient facts to present its failure to mitigate defense to the jury.

## STATEMENT OF THE CASE

The Plaintiff, Steven Hull, is a man in his sixties suffering from metastatic stage IV melanoma which has spread to his lung, and from thyroid cancer. He was working as the Director of Loans for Arvest Bank in Oklahoma City when the diseases were discovered, and was terminated in November 2015. At the time of his termination, his performance evaluations were satisfactory or better, and he had no disciplinary actions.

He brought this case claiming age and disability discrimination. The Defendant has raised, as a defense, the failure to mitigate damages following termination of employment.

This partial motion for summary judgment is addressed to Plaintiff's status as a

disabled person under the ADAAA and to the fact that he has mitigated his damages.

## I. - MATERIAL FACTS NOT IN DISPUTE

1. Plaintiff has metastatic stage IV melanoma which has spread to his lung, and thyroid cancer. Ex 1 Tr Hull, p. 9, ln 24 to p. 15, ln 8; p. 18, ln 16 to p. 20, ln 17; p. 27, ln 23 to p. 28, ln 15; Ex 2 (History Physical, 7-16-15, Bates 1004, 1006, Reason for Evaluation, Bates 1281); Ex 3 Aff Hull.

2. As a result of such cancers, Plaintiff has had a scalp excision to remove a tumor, surgery to remove his thyroid, is currently undergoing chemotherapy, and is scheduled for radio iodine therapy in the future. Ex 1 Tr Hull, p. 25, ln 19 to p. 27, ln 16; Ex 3 Aff Hull; Ex 4 (Assessment and Plan - chemotherapy, Bates 1050, 1002, 991, 956, 926, 909-910); Ex 5 (plans for radioactive iodine; HPI Bates 908; 955; Ex 6 (thyroid surgery, Bates 984-85).

3. Plaintiff has actively sought employment since his job termination but has not been offered any jobs. Ex 1 Tr Hull, p. 15, ln 9-11; Ex 3 Aff Hull; Ex 7 (Plaintiff Resp. Def. Int. No. 4); Ex 8 (job search records).

4. Defendant has no evidence of suitable, available jobs which Plaintiff failed to seek. Ex 9 (Def's Response Plf. Req. Prod. No. 20) (no documents produced); Ex 10 (Def's Witness/Exhibit List, no mitigation witnesses listed).

## II - THE STANDARD FOR PARTIAL SUMMARY JUDGMENT

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed.R.Civ.P. 56(a). Partial summary judgment "empowers the court to withdraw sham issues from the

case and to specify those facts that really cannot be controverted." Wright, Miller & Kane 10B *Federal Practice and Procedure, Civil 2d:* § 2737, p. 318 (1998). "A partial summary (judgment). . . seems particularly appropriate" to test affirmative defenses. *Id.,* p. 321. *See Hutchison v. Pfeil,* 105 F.3d 562, 564 (10th Cir.1997) (internal quotations omitted) ("A [party] may use a motion for summary judgment to test an affirmative defense which entitles that party to judgment as a matter of law.") and and *Public Serv. Co. v. Continental Casualty Co.*, 26 F.3d 1508, 1517 n. 8 (10th Cir. 1994) (summary judgment may be used to test whether "defendant. . . had a ground of defense fairly arguable and of a substantial character."). Use of partial summary adjudication is helpful in narrowing the issues and sorting out contentions that are legitimate from those that are not. *City of Wichita, Kan. v. U.S. Gypsum Co.,* 828 F.Supp. 851, 869 (D.Kan.1993), *aff'd part, rev'sd part* 72 F.3d 1491. "[S]ummary adjudication of only some of the claims imposes a duty on the trial court to 'if practicable' articulate what facts are established and which remain controverted.' *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1533, 1548 (10th Cir. 1992)." *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1112 (10th Cir., 2001).

On Defendant's mitigation defense, since Defendant has the burden of proof, an absence of evidence is sufficient to grant summary judgment. "If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial." *Miller v. Bd. of Educ*., 565 F.3d 1232, 1245-1246 (10th Cir. 2009) (quoting *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)). Regarding the mitigation defense, Plaintiff "need only point to those portions of the record

which demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Langley v. Adams County, Colo.*, 987 F.2d 1473, 1476 (10th Cir.1993) quoting *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir.1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, (1986)).

With this standard in mind, Plaintiff will address his motions.

### III. - PLAINTIFF IS DISABLED UNDER THE ADA AS AMENDED

Disability cases are now governed by the terms of the Americans with Disabilities Amendment Act of 2008 (ADAA), which became effective Jan. 1, 2009.  110 P.L. 325, 122 Stat. 3553, 3559 §§1, 8.  The amendments rejected virtually the whole body of law that had formerly governed the definition of "disability".  The purposes, as set out in Section 2 of the ADAA, are "to reject the requirement[s] enunciated by the Supreme Court in *Sutton v. United Air Lines, Inc*., 527 U.S. 471 (1999) and its companion cases" and "to reject the standards enunciated by the Supreme Court in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002)".  110 P.L. 325, 122 Stat. 3553, 3554 (Sec. 2(b)(1-6).[1]

Because of the sweeping nature of these revisions, pre-amendment case law will "carry little, if any, precedential weight with respect to the issue of whether the plaintiffs in this case were disabled under the ADAAA." *Feldman v. Law Enforcement Assocs. Corp*., 779 F. Supp. 2d 472, 483 (E.D.N.C. 2011).

Under the ADAAA (unlike prior case law), "[t]he definition of disability in this Act

---

[1] This is also included in the "findings" where Congress determined "that the current Equal Employment Opportunity Commission ADA regulations defining the term 'substantially limits' as 'significantly restricted' are inconsistent with congressional intent, by expressing too high a standard.'"  110 P.L. 325, 122 Stat. 3553, 3554 (Sec. 2(a)(8)).

4

shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act." 42 U.S.C. § 12102(4)(A).

> In this regard, the definition of "Major Life Activities" explains that [T]he term 'major' shall **not** be interpreted strictly to create a demanding standard for disability.  ADAAA Section 2(b)(4) (Findings and Purposes). Whether an activity is a 'major life activity' is **not** determined by reference to whether it is of 'central importance to daily life.'

29 C.F.R. §1630.2(i)(2), emphasis supplied.

Further, the definition of "major life activities" has been expanded to include not only traditional "activities", but also "major bodily functions."  42 U.S.C. § 12102(2)(A), (B). Thus, "a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, **normal cell growth**, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." §12102(2)(B) (emphasis added).  *See* 29 C.F.R. §1630.2(i)(3)(ii)(iii) ("it should be easily concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated: . . . *cancer substantially limits normal cell growth*". ***Also see*** 28 C.F.R. § 35.108§ 35.108(d)(ix)(2)(iii)(F) (It should be reasonably predicted that *"Cancer substantially limits normal cell growth."*) (Emphasis supplied for both).

The undisputed evidence shows that the Plaintiff suffered from a malignant form of skin cancer (melanoma) which spread to his lungs, and also from thyroid cancer. PF1, 2. These conditions required surgery to remove the tumors in his scalp and to remove his thyroid, and have been followed with on-going chemotherapy, with future plans for radio iodine therapy. PF2. Such evidence demonstrates a substantial impairment in the bodily function of normal cell growth and, as a matter of law, demonstrates a disability under the

5

ADAAA:

> It is undisputed that Plaintiff was diagnosed with cancer in September of 2010. (Doc. # 13, ¶ 16.) The Tenth Circuit has not decided an ADA-related case involving cancer since the ADAAA became effective on January 1, 2009. *See Rhodes v. Langston Univ.*, 462 F. App'x 773, 777 (10th Cir. 2011). However, Congress passed the ADAAA with the explicit purpose of 'reinstating a broad scope of protection . . . under the ADA,' Pub. L. No. 110-325 § 2(b)(1), 122 Stat. 3553-3554 (2008), and stated that 'it is the intent of Congress that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis.' *Id*. § 2(b)(5). To that end, the ADAAA added language to the ADA providing for a broad construction of the definition of disability. 42 U.S.C. § 12102(4)(A) ('The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.').
>
> Pertinent to this case, the ADAAA provides that 'an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.' *Id*. § 12102(4)(D). Additionally, the definition of a 'major life activity' was specifically expanded in the ADAAA, to include 'operation of a major bodily function, including . . . normal cell growth.' *Id.* § 12102(2)(B). As the Equal Employment Opportunities Coalition ('EEOC') implementing regulations state, 'it should easily be concluded that . . . cancer substantially limits [the major life activity of] normal cell growth' and accordingly, constitutes a disability. 29 C.F.R. § 1630.2(j)(3)(iii).
>
> Based upon the ADAAA and the EEOC's post-enactment regulations, several courts have held that a Plaintiff's cancer is a disability for purposes of the ADAAA, even when the cancer is in remission. *See Norton v. Assisted Living Concepts, Inc*., 786 F. Supp. 2d 1173, 1185 (E.D. Tex. 2011) (remissive cancer is a disability under the ADAAA); *Hoffman v. Carefirst of Fort Wayne, Inc.*, 737 F. Supp. 2d 976, 985-86 (N.D. Ind. 2010) (same); *Chalfont v. U.S. Electrodes*, No. 10-2929, 2010 U.S. Dist. LEXIS 136891, 2010 U.S. Dist. LEXIS 136891, 2010 WL 5341846, at *9 (E.D. Pa. Dec. 28, 2010) (unpublished) (same). Here, it is undisputed that Plaintiff was diagnosed with cancer, and that he underwent surgeries and treatment for his cancer; therefore, Plaintiff has adequately alleged that he had a disability under the ADA.

*Angell v. Fairmount Fire Prot. Dist.*, 907 F. Supp. 2d 1242, 1250-51 (D. Colo. 2012).

*Accord Katz v. Adecco USA, Inc*., 845 F. Supp. 2d 539, 548 (S.D.N.Y. 2012) ("Cancer will

virtually always be a qualifying disability [because it limits normal cell growth]." (quotation omitted)) and ***EEOC v. Midwest Reg'l Med. Ctr., LLC***, No. CIV-13-789-M, 2014 U.S. Dist. LEXIS 108898, at *12 (W.D. Okla. Aug. 7, 2014) ("[A]s a matter of law, Withers had a record of having skin cancer, and as a result, is considered disabled under prong two of disability as defined by the ADA.").

**WHEREFORE**, whether or not cancer is a *per se* disability under the ADAAA, Mr. Hull's undisputed record of *malignant* cancer, which spread to his lungs and which continues to require significant and on-going medical treatment, leaves no room for dispute that Mr. Hull suffers from a disability under the ADAAA.

## IV. - PLAINTIFF SHOULD BE GRANTED JUDGMENT ON THE MITIGATION DEFENSE

Under settled law, the Defendant bears the burden of proof on its failure to mitigate defense. ***Pa. State Police v. Suders***, 542 U.S. 129, 146 (2004). This is stated in ***McClure v. Independent Sch. Dist. No. 16***, 228 F.3d 1205, 1214 (10th Cir. 2000) (quotations and alterations omitted, emphasis supplied) which also sets out the elements of the defense:

> *The employer bears the burden of showing that the employee did not exercise reasonable efforts to mitigate damages*. To satisfy its burden, the employer must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.

As set out in ***McClure***, the defense has two components, both of which must be established. ***Huffman v. Ace Elec. Co.***, 883 F. Supp. 1469, 1477 (D. Kan. 1995) ("An employer must satisfy a two-part test to establish the defense of failure to mitigate: (1) that the damages could have been avoided, i.e., that suitable positions were available which

plaintiff could have discovered and for which the plaintiff was qualified; and (2) that the plaintiff failed to use reasonable care and diligence in seeking such positions.").

Here, the Defendant fails both prongs of its burden. Plaintiff has issued discovery as to the factual basis for the mitigation defense. PF4. Defendant has produced no documents and listed no witnesses to testify as to suitable positions which Plaintiff failed to seek. PF4.

Plaintiff's only burden on summary judgment is to point to this lack of evidence. ***Langley v. Adams County, Colo.*,** 987 F.2d 1473, 1476 (10th Cir.1993).

"If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial." ***Miller v. Bd. of Educ*.**, 565 F.3d 1232, 1245-1246 (10th Cir. 2009) (quotation omitted).

Therefore, if the employer fails to show "suitable positions [then] evidence that supports the second prong of the test--i.e., the individual mitigation efforts of Plaintiffs– [is] simply irrelevant." ***Aguinaga v. United Food & Commercial Workers Int'l Union***, 993 F.2d 1463, 1474 (10th Cir. 1993):

> In order to satisfy its burden, the [defendant] was required to satisfy ***both*** prongs of the above two-part test. The [defendant] failed its burden of establishing the first prong--i.e., that suitable positions were available for any of the Plaintiffs. Because it failed this prong of its burden, the [defendant] has failed its burden of proof and evidence that supports the second prong of the test--i.e., the individual mitigation efforts of Plaintiffs--are simply irrelevant.

***Aguinaga, supra***, 993 F.2d at 1474 (10th Cir. 1993) (emphasis by the Court).

Defendant's lack of evidence regarding available jobs is sufficient to defeat the defense and make Plaintiff's search efforts irrelevant.

Nonetheless, Defendant lacks any evidence that Plaintiff has not made reasonable job

8

search efforts.

> 'A claimant need only make a reasonable and good faith effort [to mitigate], and is not held to the highest standards of diligence.' ***Spulak v. K Mart Corp.***, 894 F.2d 1150, 1158 (10th Cir. 1990). Moreover, the 'burden is on the employer to establish that the claimant did not exercise reasonable diligence.' ***Id.*** . . .

***Minshall v. McGraw Hill Broad. Co.***, 323 F.3d 1273, 1287-1288 (10th Cir., 2003).

Although Plaintiff has not been successful in finding another job,

> A claimant is required to make only reasonable exertions to mitigate damages, and is not held to the highest standards of diligence. It does not compel him to be successful in mitigation. It requires only an honest, good faith effort.

***United States v. Lee Way Motor Freight, Inc***., 625 F.2d 918, 937, 938 (10th Cir. 1979).

***Accord Stevens v. Cedarapids, Inc.***, 2006 U.S. Dist. LEXIS 6613, * 12 (D. Me. Feb. 17, 2006) ("ESI submits one fact in support of this affirmative defense: Dennis Stevens has not worked since the date of the accident. An injured person's failure to obtain employment, standing by itself, can hardly be proof of failure to mitigate.")

**WHEREFORE,** there are no facts to support presenting the failure to mitigate defense to the jury.

## CONCLUSION

Partial summary judgment should be granted determining:

1. Plaintiff is a disabled person under the ADAAA, and

2. Defendant does not have evidence sufficient to present a failure to mitigate defense to the jury.

**WHEREFORE,** Plaintiff's motion for summary judgment should be granted.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF SEPTEMBER, 2016.**

s/Mark Hammons
Hammons, Gowens, Hurst & Associates
Mark Hammons OBA # 3784
325 Dean A. McGee Ave.
Oklahoma City, OK, 73102
Telephone:(405) 235-6100
Facsimile:(405) 235-6111
Email: tara@hammonslaw.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 14th day of September, 2016.

Michael F. Lauderdale, OBA # 14265
Kristin Simpsen, OBA # 22302
Paige Hoster Good, OBA# 31595
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
mike.lauderdale@mcafeetaft.com
paige.good@mcafeetaft.com
*Attorneys for Defendant*

s/Mark Hammons
