IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN CHARLES HULL,           )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CIV-16-69-D
                                )
ARVEST BANK OPERATIONS, INC.,   )
d/b/a ARVEST BANK,              )
                                )
          Defendant.            )

**O R D E R**

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Witness List [Doc. No. 37], which raises the issue of whether Plaintiff should be precluded from presenting opinion testimony of his expert witnesses (two treating physicians) because he failed to comply with the requirement of Fed. R. Civ. P. 26(a)(2)(C) to provide a summary of the opinions to which they will testify. Plaintiff has responded with an offer to provide a narrative summary of the physicians' testimony, in place of the statement in his Expert Witness List [Doc. No. 35] that their opinions are contained in his medical records. In its reply brief, Defendant raises a new issue of whether any medical testimony will be needed. Defendant contends the question of whether Plaintiff had a "disability" as defined by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12102, may be resolved through a summary judgment ruling or a stipulation of the parties, and therefore, any testimony by Plaintiff's treating physicians regarding his medical condition "is unnecessary" and would be "superfluous, cumulative, confusing, and inflammatory." *See* Def.'s Reply Br. [Doc. No. 42] at 1, 2.

Plaintiff previously requested permission to file a surreply brief to address Defendant's relevance objection, but the Court denied the request because it found the existing briefs to be adequate. *See* Order 8/23/16 [Doc. No. 45]. Unsatisfied with this ruling, Plaintiff has filed an Application to Supplement the Request to Designate Treating Physician Testimony [Doc. No. 58], which seeks permission "to supplement the briefing on the treating physician designations . . . [to show] that Defendant has not stipulated to Plaintiff's disability or the factual conditions providing the foundation for an ADAAA disability determination." *See* Pl.'s Appl. at 3. Plaintiff's Application is also fully briefed.[1]

The issue raised by Defendant's Motion is Plaintiff's duty to disclose the expert opinions to which his treating physicians are expected to testify. Defendant acknowledges in a footnote to its opening brief for the Motion that the requirement of Rule 26(a)(2)(C) applies only to the extent Plaintiff's "treating physicians' testimony will exceed the scope of facts and opinions related to the diagnosis and treatment of Plaintiff of which they have personal knowledge." *See* Def.'s Mot. Strike [Doc. No. 37] at 1, n.1. A short time after the Motion was filed, Plaintiff made his Rule 26(a)(3) disclosures of fact witnesses. *See* Pl.'s Witness & Exhibit List [Doc. No. 41]. In this disclosure, Plaintiff included the same treating physicians who were listed as expert witnesses, and provided a narrative summary of their proposed testimony. From this description, it appears Plaintiff expects his treating

---

[1] Defendant's response brief echoes the Court's ruling that the existing briefs are adequate; alternatively, Defendant requests an opportunity to respond to any supplemental brief filed by Plaintiff. Plaintiff's reply brief contains additional argument regarding Defendant's relevance objection.

physicians to testify regarding his medical diagnosis and cancer treatment, including prescribed medications, and their effects on his physical and emotional health.

It is unclear from the parties' briefs whether Plaintiff proposes to elicit any expert opinion testimony from his physicians within the scope of Rule 702, which is the type of expert testimony subject to disclosure under Rule 26(a)(2). From the description in Plaintiff's Rule 26(a)(3) disclosure, it appears that his primary care and oncology doctors will testify from their personal and professional knowledge about Plaintiff and his health conditions. Their testimony will necessarily address limits to Plaintiff's "major life activities" for purposes of the ADAAA and thus the existence of a "disability." *See* 42 U.S.C. § 12102(1)(A), (2). Assuming their testimony goes further and includes medical opinions regarding some contested issue – thus triggering the disclosure requirement of Rule 26(a)(2)(C) – the Court finds that Plaintiff's failure to comply with this requirement is insufficient to justify the sanction of excluding expert testimony.

Although not cited by Defendant, a decision to exclude evidence as a sanction for a party's failure to disclose information required by Rule 26(a), is governed by Rule 37(c). Before imposing the sanction, a district court must consider whether "the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). Further, a district court making this determination "should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*,

287 F.3d 936, 953 (10th Cir. 2002) (internal quotation omitted); *see ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176-78 (10th Cir. 2011). Defendant fails to address these factors or to justify the exclusion of expert testimony by Plaintiff's treating physicians under the circumstances.

Regarding Defendant's relevance objection, the Court finds this issue is premature. The Court cannot make a reasoned decision at this point regarding the admissibility under Rule 401 of the treating physicians' testimony at trial. Further, a balancing of interests under Rule 403 would require an objection to specific testimony and an assessment of its probative value in the context of other trial issues.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Expert Witness List [Doc. No. 37] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application to Supplement the Request to Designate Treating Physician Testimony [Doc. No. 58] is DENIED as moot.

IT IS SO ORDERED this 22nd day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE