IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN CHARLES HULL,               )
                                    )
            Plaintiff,               )
                                    )
v.                                  )   Case No. CIV-16-69-D
                                    )
ARVEST BANK OPERATIONS, INC.,       )
d/b/a ARVEST BANK,                  )
                                    )
            Defendant.               )

**O R D E R**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Doc. No. 52], filed pursuant to Fed. R. Civ. P. 56.[1] Plaintiff Stephen Hull seeks a summary determination in his favor of two discrete issues: 1) whether he is entitled to protection as an individual with a "disability" as defined by the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. § 12102; and 2) whether the affirmative defense of failure to mitigate damages lacks factual support. Defendant Arvest Bank Operations, Inc. has responded in partial opposition to the Motion. Defendant "does not dispute that Plaintiff had cancer at the time he was separated from employment" and that "cancer qualifies as an actual disability under the ADAAA." *See* Def.'s Resp. Br. [Doc. No. 64] at 6. Defendant does dispute, however, that Plaintiff currently has a disability and that its affirmative defense can be resolved as a matter of law. The Motion is fully briefed and ready for disposition.

---

[1] Defendant has also filed a motion for summary judgment that is addressed by a separate order.

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In appropriate circumstances, a party may obtain summary judgment on part of a claim or defense. *See id.*; *see also Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1023 (10th Cir. 2001) (affirming ruling that plaintiff "was entitled to summary judgment on three elements of her Title VII claim"). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255.

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim or defense, all other factual issues concerning the claim or defense become immaterial. *See Celotex*, 477 U.S. at 322.

## Statement of Undisputed Facts

The facts relevant to Plaintiff's Motion are not disputed. Plaintiff is a former employee of Defendant who was diagnosed in June 2015 with metastatic, stage IV melanoma that had spread to his lungs. Plaintiff was also diagnosed with thyroid cancer, and his thyroid was surgically removed in September 2015. In October 2015, Plaintiff began treatment of the melanoma with a cancer medication, Keytruda® (pembrolizumab), administered by infusion every three weeks. His physicians recommended radioactive iodine therapy for the thyroid cancer, but this treatment has been postponed during the melanoma treatment.

Since his termination by Defendant in November 2015, Plaintiff has repeatedly applied for other employment in the banking industry. Defendant questions whether Plaintiff has sought suitable employment, arguing that the job titles listed in his applications indicate higher-level positions than his prior job of loan manager. However, the focus of Plaintiff's Motion is Defendant's failure to produce any discovery materials showing the availability of suitable jobs for which Plaintiff failed to apply.

## Discussion

### A. Plaintiff's Protected Status

An essential element of Plaintiff's claim that Defendant terminated his employment on the basis of disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, is proof that Plaintiff was an individual with an actual "disability"

as defined by § 12102(1)(A) at the time of his termination.[2] Plaintiff contends the undisputed facts establish this element of his ADA claim. Defendant does not disagree with this contention.[3] Defendant instead argues that Plaintiff has not established a broader proposition suggested by his Motion, namely, that he is currently disabled.

Both parties seem to agree that the question of "whether Plaintiff is currently disabled for purposes of the ADAAA, or even whether Plaintiff had a disability *after* leaving employment with [Defendant], is of no consequence to this litigation." *See* Def.'s Resp. Br. [Doc. No. 64] at 5 (emphasis in original); Pl.'s Reply Br. [Doc. No. 65] at 2-3. To the extent the Motion is unclear, Plaintiff clarifies in his reply brief that the relief sought is "a summary determination of Plaintiff's status as a disabled person at the time of termination." *See* Pl.'s Reply Br. [Doc. No. 65] at 2 n.3. Under the facts and law shown by the Motion and the summary judgment record, there is no dispute that Plaintiff is entitled to this relief.

For these reasons, the Court finds that Plaintiff is entitled to summary judgment on an essential element of his ADA discrimination claim: he had a "disability" within the meaning of the statute at the time Defendant terminated his employment.

---

[2] Plaintiff's theory of liability in this case rests solely on this definition; he does not claim protection under § 12102(1)(B) and (C) for persons having a "record of" or "being regarded as" disabled.

[3] In fact, Defendant affirmatively states in the opening brief for its motion for summary judgment: "Arvest does not dispute Plaintiff had a disability (cancer) under the ADAAA at the time of his separation from employment." See Def.'s Mot. Summ. J. [Doc. No. 53] at 23 n.15.

B.  **Defendant's Mitigation Defense**

Defendant has asserted as an affirmative defense to Plaintiff's claim for damages allegedly caused by the termination of his employment, that Plaintiff failed to mitigate his damages. *See* Def.'s Answer [Doc. No. 10] at 6, ¶ 42. It is well settled that Defendant bears the burden of proving Plaintiff "did not exercise reasonable efforts to mitigate damages." *McClure v. Ind. Sch. Dist. No. 16*, 228 F.3d 1205, 1214 (10th Cir. 2000). "To satisfy its burden, 'the [employer] must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.'" *Id*. (quoting *EEOC v. Sandia Corp*., 639 F.2d 600, 627 (10th Cir. 1980)).

By his Motion, Plaintiff challenges Defendant to come forward with facts and evidence to demonstrate the first element of its defense. Defendant makes no effort to respond to this challenge but, instead, simply asserts that it "may cross examine Plaintiff in order to establish a failure to mitigate defense." *See* Def.'s Resp. Br. [Doc. No. 64] at 3, ¶ 4; *id*. at 8. Defendant also presents a vague argument that it should have "the opportunity to cross-examine and use impeachment evidence at trial to establish its defense." *Id*. at 9.

Regarding the issue raised by Plaintiff's Motion, Defendant presents no facts and identifies no potential evidence that would establish the availability of suitable positions after Plaintiff's termination that he failed to apply for or otherwise pursue. To the contrary, Defendant argues in its brief that Plaintiff's applications for job vacancies were <u>not</u> directed

5

at suitable positions but ones "at a higher management level than the position he held at Arvest." *See id*. Defendant thus seems to contend its cross-examination and impeachment of Plaintiff would establish no suitable positions were sought or, presumably, available.

Therefore, on the summary judgment record presented, the Court finds that Defendant has failed to demonstrate the existence of a genuine dispute of material fact regarding an essential element of its affirmative defense and that Plaintiff is entitled to summary judgment in his favor on the defense of failure to mitigate damages.

**Conclusion**

For these reasons, the Court finds that Plaintiff is entitled to partial summary judgment on the issue of his protected status under the ADA at the time of his termination and on Defendant's affirmative defense that Plaintiff failed to mitigate his damages.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 52] is GRANTED as set forth herein.

IT IS SO ORDERED this 27th day of June, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE