IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEPHEN CHARLES HULL,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   Case No. CIV-16-69-D
                                 )
ARVEST BANK OPERATIONS, INC.,    )
d/b/a ARVEST BANK,               )
                                 )
            Defendant.           )

# **O R D E R**

Before the Court is Defendant's Motion to Strike Allison Vinson as Plaintiff's Trial Witness [Doc. No. 119]. Defendant seeks to prevent Plaintiff from calling a fact witness whom he failed to identify in his final witness list, as required by Fed. R. Civ. P. 26(a)(3)(A)(i) and the Court's Scheduling Order. Plaintiff has responded by making a curious argument that he did not violate any disclosure obligation and he properly cured the nondisclosure by simply adding Ms. Vinson as a witness in the Final Pretrial Report. Plaintiff also explains why he failed to disclose Ms. Vinson as a trial witness and why he should be permitted to amend his witness list to add her. Plaintiff argues that, in any event, Ms. Vinson is a proper rebuttal witness. In reply, Defendant argues that Plaintiff has failed to show good cause for a late amendment of his witness list and that it would be prejudiced by the amendment. Alternatively, Defendant asks the Court to limit any testimony by Ms. Vinson during Plaintiff's case-in-chief to the subject areas identified by Plaintiff in his brief.

A jury will decide Plaintiff's claims that Defendant terminated his employment in violation of the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101 *et seq.*, and state law. It is undisputed that Plaintiff was disabled at the relevant time by a cancer diagnosis and treatment. It appears that a contested issue at trial will be Defendant's knowledge of the nature and extent of Plaintiff's disability, as well as whether the nondiscriminatory reasons given by Defendant for Plaintiff's termination are pretextual. Plaintiff proposes to call Ms. Vinson, who is now a former employee of Defendant, to testify as a witness to conversations in which Plaintiff's cancer treatment was discussed and about her knowledge regarding Plaintiff's job performance.

The issue raised by Defendant's Motion is the appropriate consequence of Plaintiff's failure to disclose Ms. Vinson as a potential witness in a timely manner. Plaintiff does not dispute that he first disclosed Ms. Vinson as a trial witness by including her in a draft of the Final Pretrial Report that was submitted to counsel for Defendant on September 5, 2017. Ms. Vinson was not identified in Plaintiff's final witness list within the deadline set by the Scheduling Order, nor disclosed during the time period to complete discovery.[1] Thus, Plaintiff clearly failed to satisfy his obligation under Rule 26(a)(3) to disclose a trial witness within the time period set by the Court. Further, the Scheduling Order expressly provided: "Except for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list." *See* Sched. Order [Doc. No. 18] at 1.

---

[1] Plaintiff's final witness list was due, and timely filed, on August 19, 2016. The discovery cut-off was October 7, 2016. *See* Sched. Order [Doc. No. 18], ¶¶ 5, 6.

Plaintiff gives several reasons why he did not list Ms. Vinson sooner: 1) he was surprised by a defense argument that first appeared in Defendant's summary judgment briefs that Plaintiff lacked evidence Defendant knew of his chemotherapy treatments; 2) Plaintiff first advised his counsel while preparing trial pleadings that Ms. Vinson was no longer employed by Defendant, and at that time, his attorneys could ethically engage in *ex parte* communications with her; and 3) counsel promptly interviewed Ms. Vinson, and she volunteered important information regarding Plaintiff's communications to Defendant about his chemotherapy, as well as other information that may counter Defendant's performance-related reasons for his termination. Plaintiff argues, among other things, that excluding Ms. Vinson as a witness would be a harsh sanction and, under the circumstances, would constitute an abuse of the Court's discretion to enforce its case management deadlines. Plaintiff asserts that Defendant's counsel interviewed Ms. Vinson during discovery and knew all along the substance of her proposed testimony. Defendant does not deny that its counsel interviewed Ms. Vinson but expresses uncertainty "even now . . . what exactly Ms. Vinson's proposed testimony will be." *See* Def.'s Reply Br. [Doc. No. 125] at 2.

A district court's decision to exclude evidence as a sanction for a party's failure to disclose information required by Rule 26(a), is governed by Rule 37(c). Before imposing the sanction, a district court must consider whether "the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). In making this determination, "the [district] court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice;

3

(3) the extent to which introducing such testimony would disrupt the trial; and (4) the [errant] party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)); *see HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, No. 15-4157, 2017 WL 4637713, *6 (10th Cir. Oct. 17, 2017) (to be published); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011). Plaintiff addresses these factors indirectly, in the context of arguing that the Court should allow an amendment of the pretrial schedule so Ms. Vinson can be included as a witness. *See* Pl.'s Resp. Br. [Doc. No. 122] at 10-13. Defendant, of course, disagrees with Plaintiff's assessment.

Upon careful consideration, the Court finds that Plaintiff's delay in identifying and disclosing Ms. Vinson as a potential fact witness is relatively harmless and that she should be permitted to testify in Plaintiff's case-in-chief, if called to do so, regarding the limited subject areas identified in Plaintiff's brief.[2] While the Court does not condone the manner in which Plaintiff attempted to add Ms. Vinson to his witness list, Defendant has not identified any real surprise or prejudice from the last-minute addition of Ms. Vinson as a witness. Defendant does not assert that it will be unable to cure any prejudice or that Plaintiff or his counsel acted in bad faith. Nor will there be any disruption of the trial, which is still a week away. Accordingly, the Court finds that all four of the factors guiding

---

[2] Plaintiff identifies Ms. Vinson as a "may call" witness in the latest draft of the Final Pretrial Report [Doc. No. 127], and describes additional topics of potential testimony that are not addressed in his brief. *See id.* at 38.

its determination weigh in favor allowing Ms. Vinson to testify as a witness for Plaintiff. The Court further finds, however, that Plaintiff has only provided sufficient notice to Defendant regarding the facts to which Ms. Vinson can be expected to testify through argument in Plaintiff's brief. Therefore, Ms. Vinson's testimony should be limited to these subject areas.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Allison Vinson as Plaintiff's Trial Witness [Doc. No. 119] is DENIED, as set forth herein.

IT IS SO ORDERED this 31st day of October, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE